```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| THE ESTATE OF NADAR ALI HAMMETT, DECEASED, et al. | : |
| v. | : Civil Action No. DKC 2005-1274 |
| TIMOTHY EDWARD WELSH, et al. | : |

**MEMORANDUM OPINION**

**I.  Background**

This case arose from an automobile accident involving Timothy Edward Welsh and Nadar Ali Hammett, that occurred on the Baltimore-Washington Parkway on December 1, 2003, and resulted in the death of Hammett.  On July 6, 2004, Plaintiffs, The Estate of Nadar Ali Hammett, and his parents, Moses Hammett and Regina Jennings, filed a wrongful death action against Welsh in the Circuit Court for Prince George's County. (Paper 2).  Plaintiffs also filed later a separate survival suit against Welsh.[1]  The two causes of action were then consolidated.  On March 7, 2005, Plaintiffs filed an amended complaint adding additional causes of action.[2]  On April

---

[1] The dates of various filings are unclear based on the circuit court records, but the dates do not affect the disposition of this case.

[2] The record contains two "amended complaints." (Papers 25, 26).  The case numbers on the filings suggest that Plaintiffs drafted amended complaints for each of the separate state court actions, prior to consolidation.  Only one of the amended complaints, (paper 25), appears to have been filed with the circuit court.  In this document, Plaintiffs assert negligence, reckless driving, and battery claims against Welsh.

15, 2005, Welsh filed a third-party complaint in the circuit court, naming the United States, the state of Maryland, and Prince George's County as third-party defendants. (Paper 3). Welsh seeks contribution and/or indemnification from the third-party defendants based on their alleged negligence in the design, construction, and maintenance of the Baltimore-Washington Parkway.  Although not expressly stated in the third-party complaint, in other filings Welsh acknowledges that the statutory basis for his claim against the United States is the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. §§ 1346(b), 2671-80.  (Papers 30, 38).  On May 10, 2005, pursuant to 28 U.S.C. §§ 1442(a)(1), 1446(a), (b), (d), the United States removed the case to this court.[3]

Many motions have been filed and several are fully briefed and ready for resolution.  Unfortunately, though, the court must first address the question of its own jurisdiction and, finding subject matter jurisdiction to be lacking, must dismiss the third-party claim against the United States and remand the remaining claims to the circuit court.

---

[3] Welsh filed a second notice of removal in the circuit court on November 16, 2005, (paper 39), because, after the United States removed the consolidated case, one of the pre-consolidated cases remained open and active in the circuit court.  As far as this court is concerned, removal of the entire action was effective on May 10, 2005.

2

**II.  Analysis**

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 531 (1986).  Accordingly, this court is required to inquire *sua sponte* whenever there is a question regarding the existence of subject matter jurisdiction.  *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

Welsh filed a third-party complaint in state court, naming the United States as a defendant.  Pursuant to § 1442(a), the United States removed the action to federal court.  Section 1442(a) states, in relevant part: "A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending."  The United States is included among the list of those parties that have removal power when it is "sued in an official or individual capacity for any act under color of such office . . . [,]" as is the case here.[4]

---

[4]  It is significant that removal is pursuant to § 1442 and not § 1441.  Only a defendant, and not a third-party defendant, may remove an action pursuant to § 1441.  Unlike the text of § 1441(a), there is no mention of "defendant" within § 1442(a).  *See Florence v. ABM Indus., Inc.*, 226 F.Supp.2d 747, 749 (D.Md. 2002) (noting that removal statutes must be construed strictly and holding that
(continued...)

Although removal was proper pursuant to § 1442(a), the decision of the United States Court of Appeals for the Fourth Circuit in *Smith v. Cromer*, 159 F.3d 875 (4th Cir. 1998), mandates dismissal of Welsh's claim against the United States. In *Cromer*, the court noted:

> It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction.

*Cromer*, 159 F.3d at 879. *See also Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1998). Welsh asserts a FTCA claim against the United States. The FTCA grants exclusive jurisdiction to the federal courts. 28 U.S.C. § 1346(b)(1)[5]; *Sosa v. Alvarez-Machain*,

---

[4](...continued)
the third-party defendant could not remove under § 1441(a) because it was not a "defendant" under the provision). Instead, § 1442(a) is based solely on the party's status as the United States, a requirement that is met in this case. Removal is therefore proper. *See Thompson v. Wheeler*, 898 F.2d 406, 409 (3rd Cir. 1990) ("[T]he courts have had no difficulty concluding that federal officers and agencies, as third-party defendants, may remove cases within the Federal Tort Claims Act under section 1442(a)."). *See also Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir. 1984); *Goodrich v. Burlington N. R.R. Co.*, 701 F.2d 129, 130 (10th Cir. 1983); *IMFC Prof'l Servs. of Florida, Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1982); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3727 at 166-68 (3rd ed. 1998).

[5] Plaintiffs actually raised the issue in a motion to dismiss the third-party complaint filed in the circuit court, paper 18, attachment 1, and paper 28, at ¶6.

4

542 U.S. 692, 751 (2004); *Talbert v. United States*, 932 F.2d 1064, 1065 (4th Cir. 1991). Hence, the circuit court never had subject matter jurisdiction over the third-party claim against the United States, and, under the derivative jurisdiction doctrine articulated in *Cromer*, this court could acquire none upon removal. *Cromer*, 159 F.3d at 879. See also *Johnson*, 747 F.2d at 1229; *McRory v. Hobart Bros. Co.*, 732 F.2d 1533, 1535 (11th Cir. 1984); *Goodrich*, 701 F.2d at 130. It follows that the third-party claim against the United States must be dismissed for lack of subject matter jurisdiction. The sole basis for removal was the presence of the United States as a third-party defendant.[6] Accordingly, pursuant to 28 U.S.C. § 1447(c), the court will remand the remaining claims to the Circuit Court for Prince George's County. The court will deny as moot the motion to dismiss filed by the United States, as well as Welsh's motion to file a surreply and Plaintiffs' motion to dismiss and/or for remand, and a portion of Plaintiffs' motion to dismiss filed initially in circuit court. Plaintiffs, the state of Maryland, and Prince George's County remain free to pursue the remaining motions in the state court upon remand. A separate Order will follow.

                                           ____/s/_____
                                           DEBORAH K. CHASANOW
                                           United States District Judge

---

[6] Plaintiffs assert only state law claims. Welsh does not assert any federal basis for jurisdiction over the third-party claims against the state of Maryland or Prince George's County.